IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATHEW FANELLI**<br><br>                    Plaintiff,<br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**<br><br>                    Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

**I.   PARTIES**

1. Plaintiff, Matthew Fanelli, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 5981 Atkinson Road, New Hope, PA 18938.

2. Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "Defendant" or "State Farm"), is an insurance company duly licensed and registered to sell and issue, among other coverage, automobile insurance in the Commonwealth of Pennsylvania, including insurance known as uninsured motorist benefits, pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1701, et seq.

3. Defendant, State Farm, was, at all times material hereto, the uninsured motorist insurer under a policy of insurance (hereinafter sometimes referred to as "the policy") between itself and Plaintiff.

**II.   JURISDICTION AND VENUE**

4. Jurisdiction over Plaintiff's claims for relief are brought by virtue of 28 U.S.C. 1332 in that the matter in controversy exceeds the sum value of $75,000 exclusive of interest and costs and is between citizens of different states.

5. Plaintiff Matthew Fanelli is a citizen of the Commonwealth of Pennsylvania.

6. Defendant State Farm is incorporated under the laws of the State of Illinois and has its principal place of business in the State of Illinois.

7. At all times material hereto, Defendant State Farm sold policies, administered claims, and transacted business in this judicial district, and issued in this judicial district the policy that is the basis for this lawsuit. Furthermore, the motor vehicle accident giving rise to the claims asserted in this lawsuit occurred in this judicial district.

8. The amount in controversy is more than $75,000, not counting interest and costs of court, because the Plaintiff suffered severe physical injuries and financial losses in excess of $1,000,000.

### III.  FACTUAL BACKGROUND

9. On or about June 16, 2019, Plaintiff was traveling eastbound in his motor vehicle on I-676 in Philadelphia, PA.

10. On said date and time, Plaintiff's vehicle was at a stop, when he was rearended by Haneef Williams driving in his motor vehicle, causing a violent collision.

11. On said date and time, Mr. Williams was an uninsured driver and did not carry motor vehicle insurance of any kind.

12. This violent collision and the resulting injuries were exclusively the result of the negligence of Haneef Williams in that no other operator or entity engaged in any negligent conduct contributing to the collision itself.

13. As a direct and proximate result of this collision, Plaintiff sustained significant injuries, including cervical radiculopathy, lumbar radiculopathy, disc protrusions of the cervical

spine, L4-L5 protrusion of the lumbar spine, cervicalgia, back spasms, lumbar facet joint paint, and midline low back pain.

14. As a direct and proximate result of this collision, Plaintiff was unable to fully attend to his duties as the owner of Aescit Corporation, a company that provided engineering and staffing services to the petrochemical industry.

15. As a direct and proximate result of this collision, Plaintiff was unable to do the work necessary for Aescit Corporation to generate business and generate revenue, and he lost a significant percentage of his ownership interest in Aescit Corporation.

16. As a direct and proximate result of this collision, Plaintiff lost substantial income that he would have generated had he been able to attend to his obligations associated with Aescit Corporation.

17. As a direct and proximate result of this collision, because Plaintiff was unable to attend to his obligations association with Aescit Corporation, Aescit Corporation failed and ceased to generate revenue.

18. Plaintiff is entitled to recoup the economic losses he suffered as a result of his injuries, including those economic losses he suffered in connection with revenue losses suffered by Aescit Corporation.

19. Because Haneef Williams was uninsured, Plaintiff, through his counsel, made an uninsured motorist claim with State Farm under the policy.

20. Under the policy, Plaintiff is a full tort claimant.

21. Through the uninsured motorist policy maintained between Plaintiff and State Farm, there is $1,000,000 in uninsured motorist coverage potentially available to Plaintiff.

22. The amount of damages recoverable by Plaintiff, including the noneconomic injuries referred to above and also including the economic losses referred to above, is well in excess of the $1,000,000 in available coverage.

23. On January 18, 2023, Plaintiff forwarded to State Farm a written demand explaining that Plaintiff's losses are in excess of the $1,000,000 in available uninsured motorist coverage.

24. On July 18, 2025, Plaintiff reduced his demand and offered to settle his uninsured motorist claim with State Farm for $950,000.000.

25. On September 4, 2025, State Farm offered to settle Plaintiff's claim for $62,250.

26. Plaintiff believes and therefore avers that State Farm's offer of $62,250 is unreasonable.

27. Plaintiff believes that by refusing to make a reasonable offer of settlement, State Farm has committed an actual material breach, or an anticipated material breach, of its contractual obligations under the policy.

28. Under the terms and conditions of the policy, State Farm is obligated to pay damages to Plaintiff that he is entitled to recover from tortfeasor, Haneef Williams, arising out of the subject collision, and claims are made therefore.

29. Plaintiff tried to resolve the amount of damages he was entitled to amicably with State Farm, but was unable to do so.

30. A dispute exists between Plaintiff and Defendant, State Farm, as to the amount of damages Plaintiff is entitled to recover.

31. The instant action is necessary to enforce Plaintiff's right for uninsured motorist benefits.

32. As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff has incurred medical expenses for the injuries he has sustained and may continue to incur medical expenses into the future, and a claim for these expenses is made.

33. As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff has suffered a loss of wages and income and has suffered an impairment of his future earning power and capacity, and thus, a claim for these losses is made.

34. As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff has undergone in the past, and may continue to undergo in the future, great pain and suffering, and thus, a claim for these losses is made.

35. As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures, and thus, a claim for these losses is made.

**COUNT ONE: BREACH OF CONTRACT – UNINSURED MOTORIST BENEFITS
PLAINTIFF v. DEFENDANT STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**

36. Plaintiff incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if fully set forth herein.

37. Plaintiff was covered under an insurance policy issued by State Farm which was in effect on June 16, 2019, the date and time of the above referenced collision. A true and correct policy of the declaration page and insurance policy are attached hereto as Exhibit "A."

38. This policy constituted a valid contract between the parties which they entered into for valid consideration.

39. As a direct and proximate result of the negligent and careless acts of Haneef Williams as set forth above, Plaintiff suffered the injuries and damages described herein.

40. Because Mr. Williams was uninsured, Plaintiff was entitled to recover uninsured benefits under the policy.

41. Plaintiff elected and paid premiums for uninsured motorist benefits coverage, and therefore Plaintiff is entitled to recover coverage in the amount of one million dollars ($1,000,000.00), the full amount available under the policy.

42. On July 12, 2021, proof of the uninsured status of the tortfeasor, Haneef Williams, was provided to Defendant, State Farm.

43. On January 18, 2023, a demand letter for the sum of the entire policy limits was made upon Defendant, State Farm. Included with the demand was supporting documentation, including medical records and reports.

44. Thereafter, Plaintiff provided Defendant State Farm with the report of an economist which described the economic losses Plaintiff suffered as a result of the accident, including those economic losses he suffered in connection with Aescit Corporation.

45. However, State Farm has only offered to settle Plaintiff's claim for $62,250, which is unreasonable.

46. By contract as well as by operation of law, Defendant, State Farm, as Plaintiff's uninsured motorist insurer, is required to pay those damages that the uninsured tortfeasor is obligated to pay.

47. Plaintiff believes that by refusing to make a reasonable offer of settlement, State Farm has committed an actual material breach, or an anticipated material breach, of its contractual obligations under the policy.

48.  Reasonable time has expired for Defendant to examine the submissions by Plaintiff and make an uninsured motorist benefit offer that is adequately and reasonably commensurate with the severe injuries and losses suffered by Plaintiff.

49.  Defendant, State Farm, is contractually and legally obligated to pay those sums of money to Plaintiff for which the uninsured motorist, Haneef Williams, is legally responsible. State Farm's failure to do so is a breach of the contract of insurance and requires the relief requested by Plaintiff.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mathew Fanelli, seeks judgment against Defendant as follows:

A.  For actual and compensatory damages in an amount in excess of $150,000, to be determined by the court and/or jury;

B.  Litigation costs (including expert fees) and attorneys' fees;

C.  Pre- and post-judgment interest;

D.  Damages to the fullest extent allowed by law, exclusive of interest and costs; and

E.  Such other and further relief as this Court deems appropriate.

## V. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: March 9, 2026

/s/ Gregory B. Heller
Gregory B. Heller (PA Bar No. 61130)
Mark A. Schork (PA Bar No. 329326)
FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK DODIG LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Telephone: (215) 567-8300
gheller@feldmanshepherd.com
mschork@feldmanshepherd.com
Attorneys for Plaintiff